354 So.2d 1083 (1978)
M. B. DUPREE, Plaintiff-Appellant,
v.
RELCO EXPLORATION CO., INC., et al., Defendants-Appellees.
No. 13432.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1978.
Bethard & Davis, by Henry W. Bethard, III, James G. Bethard, Coushatta, for plaintiff-appellant.
Sholars, Gunby, Allbritton & Hayden, by Clifford L. Lawrence, Jr., Monroe, for defendants-appellees.
Before BOLIN, PRICE and HALL, JJ.
*1084 PRICE, Judge.
This is a suit by M. B. Dupree against James T. Walker and Relco Exploration Company, Inc., to partially cancel an oil, gas, and mineral lease for the alleged failure of defendants to adequately develop the leased property. From the judgment rejecting plaintiff's demands, plaintiff appealed. We affirm.
The facts are as follows: On August 20, 1971, Dupree granted an oil, gas, and mineral lease to Walker covering 485 acres in Red River Parish. The lease had a primary term of five years. On August 28, 1971, Walker assigned a three-fourths interest in the lease to Relco. In January 1973, defendants drilled a well on the leased property to test the Rodessa formation which proved to be a "dry hole." After that well was drilled, Lyons Petroleum, Inc., who was leasing other adjacent land from Dupree, completed a producing gas well in the Rodessa zone at 5,260 feet in September 1974. Lyons actually drilled to 10,280 feet and found no other commercial shows below the Rodessa. The conservation department thereafter established drilling units of 640 acres for this field, and eighty acres of the land leased to defendants by plaintiff were included in the unit on which the Lyons well was producing. Defendants participated in the cost of the drilling of the Lyons well in the proportion that the eighty acres of the subject lease had to the total unit acreage, and royalty has been paid to plaintiff applicable to the eighty acres since 1974 amounting to $8,846.55. In January 1976, defendants drilled an offset well on that part of the leased tract lying outside the Lyons-Dupree unit. This well was drilled to a depth to test all known producing zones in the area, and as no commercial production was attained, it was abandoned in August 1976. Suit was filed in January 1977 by plaintiff alleging that defendants' lease should be cancelled except as to the eighty acres included in the producing conservation unit. Plaintiff contends the primary term of the lease expired in August 1976, and since no development has occurred thereafter, the defendants have breached their obligation to properly develop the lease.
Plaintiff relies on the decision of this court in Nunley v. Shell Oil Company, 76 So.2d 111 (La.App. 2d Cir. 1954), in which we held that a lessee who refused to develop the portion of the lease acreage not in a producing unit, should have his lease cancelled as to that part. The facts and circumstances of Nunley are distinguishable from the instant case. Here the original lessee, Walker, a petroleum engineer, testified that all possible efforts had been made to secure production from the known producing zones and any further efforts to obtain production through the Rodessa zone would not be feasible. However, he further testified that studies were being made with the view of drilling a deeper test well at 13,000 feet if information being gathered from a deep test planned by Lyons Petroleum some two and one-half miles away is favorable. In Nunley the lessee offered no hope to the lessor for future development by the drilling of deeper zones.
Article 122 of the Louisiana Mineral Code, La.R.S. 31:122, defines the duty of the lessee as follows:
A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee.
The lease in the instant case contains no stipulation prescribing the specific conduct necessary to comply with the obligation on the part of the lessee to be a reasonably prudent operator.
In view of the defendants' prior efforts to obtain production from the leased acreage at all known producing zones in the area, and their continuing efforts to gather geological information to determine the feasibility of a deep test (13,000 feet) in the reasonably near future, we find defendants have been in good faith in developing the lease as reasonably prudent operators. See *1085 also Saulters v. Sklar, 158 So.2d 460 (La. App. 2d Cir. 1963).
For the foregoing reasons, the judgment rejecting plaintiff's demands is affirmed. Costs of this appeal are assessed to appellant.